**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  13-cv-01451-RBJ

BENSON WHITNEY,

    Plaintiff,

v.

JOHN MaCGRECOR, Boulder Police Officer, in his individual and his official capacities; CITY OF BOULDER, a municipality,

    Defendants.

_____

PLAINTIFF'S OBJECTION TO BILL OF COSTS
_____

    By and through his counsel, the Plaintiff Benson Whitney enters certain objections to costs awarded against Mr. Whitney, Mr. Whitney states the following as grounds:

    1.    In particular Mr. Whitney objects to the line itemized as "Other Costs." These costs are found at Defendants' Exhibit F. The clerk of the Court did not award all costs on this bill, but the clerk did award costs associated with the investigation of this case that were associated with the production of affidavits that were utilized in Defendants' Motion For Summary of Judgment. This amount came to $1,725.00. In addition to being on the first page of the document taxing costs, Doc. #60, the note regarding 17. 25 hours at $100 per hour can be found in the Clerk of the Courts submission on the last page of Doc.# 60-6.

2. While counsel understands the rationale and the lack of 10th Circuit case law with respect to whether costs should be awarded for investigation services, investigation costs are not an enumerated cost under 28 U.S.C. § 1920. Mr. Whitney should not be taxed this cost.

3. As the Court knows, 28 U.S.C. § 1920.states:

> A judge or clerk of any court of the United States may tax as costs the following
>
> 1) Fees of the clerk and marshal;
> 2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> 3) Fees and disbursements for printing and witnesses;
> 4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> 5) Docket fees under section 1923 of this title;
> 6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

4. Other jurisdictions that have looked at investigation costs have disallowed them. "Courts have held that a prevailing party is not entitled to recover expenses incurred by an investigator, since those expenses are not set forth as recoverable costs under § 1920." *Tinch v. City of Dayton,* 199 F.Supp 2d 758 (S.D. Ohio 2002); citing *Dibler v. Metwest, Inc.,* 1997 WL 222910 (N.D. Tex. 1997); *Surgner v. Blair,* 1996 WL 284993 (E.D.Pa.1996). Allowable costs in most cases are limited to the categories in 28 U.S.C. § 1920. Indeed, without special circumstances, "the legal presumption is that if Congress did not list the item in § 1920, the Court may not tax it." *Estate of Moreland v. Speybroeck,* No. 3:99-cv-607PS (N.D. Indiana)(September 27,2005)(Unpublished

Opinion has been discussed among counsel in this case); quoting *Wolf v. Planned Prop. Mgmt.,* 735 F.Supp. 882, 883 9N.D. Ill. 1990). "The cost of a private investigator is not enumerated under § 1920." *Estate of Moreland v. Speybroeck*.

5. Not only is this not an enumerated cost, but had the deposition been taken, Mr. Whitney would have had the opportunity to cross-examine the witnesses. He should not have to pay for the defendants' choice to utilize an investigator rather than a court reporter.

6. Mr. Whitney has not objected to permissible uses of an investigator such as the service of subpoenas for necessary witnesses. This proper purpose, is discussed in the cases cited by the Plaintiff.

7. The Defendants have not provided an affidavit that is mandated by 28 U.S.C. § 1924. The statute reads, "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." Such an affidavit would provide the parties and the Court with guidance as to why the costs were proposed for taxing.

8. Mr. Whitney should not be made to bear a cost that is not enumerated by U.S.C. § 1920. It has been uncontested that Mr. Whitney is indigent. This fact bolsters the legal reasons that Mr. Whitney should not be taxed an additional tax that is not authorized by law.

Wherefore, Mr. Whitney respectfully requests, that this Court deduct 1,725.00 from the bill that has been taxed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of October, 2015 this pleading was electronically filed and served via CM/ECF system, addressed to the following:

Marc F. Colin, Esq.
David M. Goddard, Esq.
Bruno, Colin & Lowe, P.C.
1999 Broadway, Suite 4300
Denver, CO 80202
mcolin@brunolawyers.com
dgoddard@brunolawyers.com

Thomas Carr, City Attorney
Boulder City Attorney's Office
1777 Broadway
Boulder, CO 80302
carrt@bouldercolorado.gov

*s/ Sean McDermott*
Sean McDermott