IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-01451-RBJ

BENSON WHITNEY,

    Plaintiff,

v.

JOHN MacGREGOR, Boulder Police Officer, in his individual and his official capacities; and CITY OF BOULDER, a municipality,

    Defendants.

## ORDER

On July 2, 2015 this Court granted summary judgment in favor of the defendants. ECF No. 55. Judgment was entered accordingly, dismissing plaintiff's claims with prejudice and awarding defendants, as the prevailing parties, costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C. COLOLCivR 54.1. ECF No. 56.

Plaintiff now asks the Court, in substance, to reconsider its grant of summary judgment. ECF No. 59 ("Plaintiff Benson Whitney's Combined Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b)(2) and Fed. R. Civ. P. 60(b)(6) Motion and Brief to Alter the Judgment and For Relief from Judgment"). Plaintiff also objects to a portion of the costs taxed by the Clerk. ECF No. 63. The Court denies the motion to alter but sustains the objection to costs.

    **A.  Motion to Alter Judgment.**

The theme of the motion seems to be that plaintiff's counsel could have presented additional disputed facts, but he felt constrained by this Court's page limits and thought that he

1

had presented enough to defeat summary judgment. I don't buy it. If he felt he needed more pages to present an effective response to the motion for summary judgment, he should have asked. The page limit (20 pages) was set after this Court was frequently receiving very long – unnecessarily long – briefs. I rarely deny any reasonable request for more pages. The Court addressed the summary judgment motion based on the information presented, and was satisfied that summary judgment was appropriate. I still am. I have considered the list of additional facts plaintiff wants me to consider, and they do not change my mind. Plaintiff does not have a viable excessive force case. To any extent there might be a dispute of facts it is not material in my judgment.

### B. Costs.

A prevailing party is entitled to an award of costs. Fed. R. Civ. P. 54(d)(1). However, awardable costs must meet two requirements: (1) absent some other statutory grant they must fit within the list of costs enumerated in 28 U.S.C. § 1920; and (2) they must have been reasonably incurred. *See Sorbo v. United Parcel Service,* 432 F.3d 1169, 1179-80 (10th Cir. 2005). At issue are costs defendants incurred when they retained an investigator to contact and interview three eye witnesses to the incident in question, report the results to defense counsel, and prepare affidavits summarizing the interviews. Defendants sought an award of $4,375 for the investigator's services. ECF No. 60-1 at 2. The Clerk's Office taxed $1,725 of that amount. *Id.* Plaintiff now asks the Court to deduct the $1,725 from the costs taxed.

The problem is that amounts paid to a private investigator are not set forth as recoverable costs in 28 U.S.C. § 1920. Defendants assert that because plaintiff elected not to depose the three individuals, they had to hire an investigator to interview them. Therefore, counsel hired an investigator to interview them. Defendants argue that the costs therefore are recoverable either

under 28 U.S.C. § 1920(2) ("fees for printed or electronically recorded transcripts necessarily obtained for use in the case") or 28 U.S.C. § 1920(3) ("fees and disbursements for printing and witnesses"). However, defendants' own bill of costs recognizes that the investigator's charges do not fall under either of these enumerated categories. ECF No. 60 (listing these costs not under court reporter transcripts, printing or witnesses but as "other costs." Thus, assuming without deciding that it was reasonable to have the three witnesses interviewed by a private investigator, and that the investigator's charges were reasonable, I cannot award these costs because they were not enumerated in 28 U.S.C. § 1920. I agree with the authority cited by plaintiff. *See Tinch v. City of Dayton,* 199 F. Supp. 758, 770 (S.D. Ohio 2002); *Dibler v. Metwest, Inc.,* No. CA3:95-CV-1046-BC, 1997 WL 222910, at *9 (N.D. Tex. June 3, 2003); *Surgner v. Blair,* No. 95-5331, 1996 WL 284993, at *5 (E.D. Pa. May 20, 1996).

## ORDER

Plaintiff's Motion to Alter Judgment, ECF No. 59, is denied. Plaintiff's objection to bill of costs, ECF No. 63, is sustained. The sum of $1,725 will be deducted from the costs taxed.

DATED this 2nd day of November, 2015.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge